76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Patton REIHLEY, Plaintiff-Appellant,
v.
Robin SLOCUM; Darryl Wright; Peter Ronstadt; Clarence
Dupnik; Tucson Police Department; Drug
Enforcement Agency; City of Tucson;
Pima County; and Pima County
Sheriff Department, Defendants,
and
Phil Gray; Tom McNally; John Dickinson, Defendants-Appellees.
 No. 94-16886.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Patton Reihley, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action seeking damages for an improper arrest. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.
 
 
 3
 We review the district court's conclusion regarding defendants' entitlement to qualified immunity de novo. Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991).
 
 
 4
 Reihley contends that the district court erred by concluding that defendants were entitled to qualified immunity. This contention lacks merit with respect to defendants Gray and McNally. This contention has merit with respect to defendant Dickinson.[1]
 
 
 5
 "A law enforcement officer is entitled to qualified immunity in a § 1983 action if the district court determines that, in light of clearly established principles governing the conduct in question at the time of the challenged conduct, the officer could reasonably have believed that the conduct was lawful." Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994); see also Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). " 'The contours of the right must be sufficiently clear that [at the time the allegedly unlawful action is taken] a reasonable official would understand that what he is doing violates that right...." Mendoza, 27 F.3d at 1361 (citations omitted; brackets in original). "[W]hen 'the defendants' conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts' that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." Id. at 1361 (citation omitted).
 
 
 6
 Here, defendant Dickinson, a deputy attorney for Pima County, advised defendants Gray and McNally that they could arrest Reihley based on telephone conversations Dickinson had had with defendant Slocum. Slocum had stated that she was the surety on Reihley's bail bond and that she feared Reihley was preparing to flee the jurisdiction prior to trial on a drug charge. Defendant Dickinson was acting in accordance with his understanding of Ariz.Rev.Stat.Ann. § 13-3885 (1995). Defendants Gray and McNally relied upon Dickinson's advice and executed the arrest.[2]
 
 
 7
 When police officers rely upon a state attorney's advice in executing an arrest, they are immune from suit for conduct within the scope of the attorney's advice. See Ortiz v. Van Auken, 887 F.2d 1366, 1369 (9th Cir.1989); Arnsberg v. United States, 757 F.2d 971, 981-82 (9th Cir.1984); cert. denied, 475 U.S. 1010 (1986). Accordingly, the district court did not err by concluding that defendants Gray and McNally were entitled to qualified immunity. See Arnsberg, 757 F.2d at 981-82.
 
 
 8
 Defendant Dickinson, however, did not act reasonably in light of clearly-established law when instructing defendants Gray and McNally that they could arrest Reihley. The statute upon which Dickinson relied in authorizing Reihley's arrest states that "a surety on the bail bond of defendant ... may empower any adult person of suitable discretion [to arrest defendant] ... by written authority endorsed on a certified copy of the undertaking." Ariz.Rev.Stat.Ann. § 13-3885 (1995) (clauses reversed for clarity). Although the Arizona Court of Appeals stated that there were no cases interpreting this statute when they concluded that defendants had no authority to arrest, or subsequently search, Reihley, State v. Reihley, No. 2 CA-CR 90-0362, 1991 WL 29290, at * 2 (Ariz.Ct.App.) (March 5, 1991) (unpublished memorandum decision), review denied (October 8, 1991), the plain language of the statute provides sufficient guidance to a reasonable attorney that a telephone conversation with an unidentified person who claims to be a surety is insufficient to authorize an arrest under section 13-3885.
 
 
 9
 Accordingly, the district court erred by concluding that defendant Dickinson is entitled to qualified immunity. See Mendoza, 27 F.3d at 1361.
 
 
 10
 Each party shall bear its own costs.
 
 
 11
 AFFIRMED in part and REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Reihley's request for oral argument is denied. Reihley's motion to file an oversized brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Reihley is contending either that the district court erred in dismissing this suit before entering an independent default judgment against defendant Slocum or that we do not have jurisdiction to consider this appeal because of the district court's failure to enter an independent default judgment against Slocum, this contention lacks merit. See Fed.R.Civ.P. 55(b)(2)
 
 
 [2]
 When executing the arrest, the arresting officers conducted a pat-down search of Reihley and found cocaine in his pockets. In an unpublished decision, the Arizona Court of Appeals found that Reihley's arrest was not authorized by A.R.S. § 13-3885 and that the subsequent search was also not authorized. State v. Reihley, No. 2 CA-CR 90-0365, 1991 WL 29290, at * 2 (Ariz.Ct.App. March 5, 1991), review denied (October 8, 1991). Accordingly, the Arizona Court of Appeals reversed the trial court's denial of Reihley's motion to suppress this evidence and, apparently, reversed Reihley's conviction. See id. at * 3-4